**59 So.2d 424**

**LOUISIANA STATE BOARD OF MEDICAL EXAMINERS v. A. E. F. BURTON et al.**

**No. 40007.**

April 28, 1952.

Rehearing Denied June 2, 1952.

R. A. Dowling, New Orleans (E. B. Simmons, San Antonio, Tex., and Hugh Chance, Davenport, Iowa, of counsel), for appellants.

Milling, Saal, Saunders, Benson & Woodward, Eugene D. Saunders, Gordon O. Ewin, New Orleans, for appellee.

PONDER, Justice.

The appellants, chiropractors, in these consolidated cases, are appealing from judgments of the district court, enjoining them from pursuing the practice of medicine as defined by Act No. 56 of 1914, as amended and re-enacted in part by Act No. 54 of 1918, which statute has been re-drafted and incorporated without substantial change as part of the Revised Statutes. LSA–R.S. 37:1261–1313.

The appellants contend that they are not practicing medicine and, in event they are held to be practicing medicine, that they do not require a license because Act No. 56 of 1914, as amended, is unconstitutional. They contend that the legislation is unconstitutional: first, because it discriminates in favor of exempted groups; second, that it denies equal protection because it confers arbitrary powers on the medical board; third, that it denies equal protection because of educational requirements arbitrarily imposed by the medical board; and fourth, that it takes property rights without due process of law. The holding in the case of Louisiana State Board of Medical Examiners v. Beatty, 220 La. 1, 55 So.2d 761, is decisive of all the issues here presented. The brief of appellants is identical with the brief filed by the appellants in the Beatty case. No new issues have been raised and the appellants do not point out any error in the holding in the Beatty case. In fact, they do not mention the Beatty case. We have re-examined our holding in the Beatty case and have arrived at the conclusion that it is founded on sound legal basis.

For the reasons assigned, the judgment is affirmed at appellants' cost.